GIDEON v. REPRESENTATIVE SECURITIES CORP. et al.

(District Court, S. D. New York. April 10, 1916.)

1. CORPORATIONS ⬚123(23)—CORPORATE STOCK—REDEMPTION OF PLEDGE—PARTIES.

In a suit to redeem stock of New York corporation, whose by-laws were not shown to differ from the ordinary by-laws in regard to the transfer of corporate stock, which stock had been sold by the pledgee in violation of the pledgor's rights, a transferee of the stock, not residing in the district in which the suit was brought, to whom the stock had not yet been transferred on the books of the corporation, is a necessary party, and may be joined as defendant, since, under Stock Corporation Law N. Y. (Consol. Laws, c. 59) § 50, providing that the stock of a corporation shall be transferable in the manner prescribed in that law and in the by-laws of the company, it is the transfer on the books that passes the title, and the court therefore has jurisdiction over the stock under Act March 3, 1875, c. 137, § 8, 18 Stat. 472 (Comp. St. 1913, § 1039), giving the District Court jurisdiction to enforce a legal or equitable claim to property, real or personal, situated within the district.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. ⬚123(23); Pledges, Cent. Dig. § 125.]

2. INJUNCTION ⬚137(3)—TEMPORARY INJUNCTION—GROUNDS FOR DENIAL—DOUBTFUL RIGHT—DELAY.

In a suit to redeem from a pledge corporate stock sold by a pledgee in violation of the pledgor's rights, where the stock had not been transferred on the corporation's books, but plaintiff had already been defeated in a similar suit in the state court, and his delay in filing the suit was not sufficiently explained, a temporary injunction will not be granted to restrain the transfer of the stock on the corporation's books.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 308, 309; Dec. Dig. ⬚137(3).]

In Equity. Suit by George G. Gideon against the Representative Securities Corporation and another. Plaintiff moves to join Roy Curfman, a resident of another state, as party defendant, and for a temporary injunction. Motion to join granted, and motion for injunction denied.

This is a motion to add as a party defendant one Roy Curfman, a resident and citizen of the state of Missouri, under the following circumstances: The plaintiff was the owner of certain shares of stock in the defendant company, Hinds, Noble & Eldredge, a New York corporation, which shares he pledged to a third party, who afterwards sold the same to the Representative Securities Corporation. The suit was brought upon the theory that the sale, which was in supposed satisfaction of the pledge, was not in accordance with the rights of the pledgee under the note, and that the plaintiff could therefore redeem the same in the hands of the Representative Securities Corporation. Pending the suit, the Representative Securities Corporation has conveyed the stock to Curfman, whom the plaintiff wishes to join upon the theory that he is not a bona fide purchaser for value. The objection is raised that he cannot be served, being a nonresident, to which the plaintiff answers that its claim arises under Act March 3, 1875, c. 137, § 8, 18 Stat. 472 (Comp. St. 1913, § 1039), since the suit is to enforce a legal or equitable claim to real or personal property within this district. An injunction is also asked against Hinds, Noble & Eldredge's transferring the stock upon its books in case Curfman's certificate shall be presented for transfer.

Lewis & Kelsey, of New York City, for plaintiff.

Edward F. Clark and Roger Hinds, both of New York City, for defendants.

LEARNED HAND, District Judge (after stating the facts as above). [1] I think that Jellenik v. Huron Copper Mining Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647, controls. The defendants suggest that that case turned upon the peculiar provisions of the Michigan statute, recited on pages 11 and 12 of the opinion; but the provisions were not peculiar. The only relevant portions were that the stock should be transferred only on the books of the company, in such form as the by-laws direct, or the directors shall prescribe. Section 50 of the Stock Corporation Law of New York provides that the stock of a corporation shall be transferable in the manner prescribed in that law and in the by-laws of the company. There is no evidence that the by-laws of the corporation in question are different from the usual by-laws, which generally provide that stock shall be transferred on the books of the company. It is the transfer on those books which transfers the title (N. Y. & New Haven R. R. v. Schuyler, 34 N. Y. 30), not the transfer of the certificate. The latter only constitutes the transferee an attorney in the name of the holder to make the transfer upon the books of the company. There is no need, therefore, to have personal jurisdiction over Roy Curfman, and on that account the case is unlike York County Bank v. Abbot (C. C.) 139 Fed. 988. If the plaintiff should succeed, he could redeem the stock by paying the amount of his debt into the registry of the court for the benefit of Curfman; the court would then direct Hinds, Noble & Eldredge to transfer the stock upon its books to the plaintiff, which would change the title to the shares and put them in the plaintiff. In order to protect the corporation, it could be permanently enjoined from issuing any stock to Curfman or his transferee. Curfman, if made a party to

the suit, would be estopped by this finding and could never succeed in a new suit. Perhaps his transferee pendente lite would not be concluded; but that question is quite separate from the question whether Curfman's affirmative action is necessary to transfer title, and whether, if joined, any relief could be granted against him.

[2] I will not, however, give an injunction. The plaintiff has been already beaten in a similar suit ·in the Eastern district of New York, where success was concededly necessary for his success here. The plaintiff's rights are certainly far too problematical for interlocutory relief. Besides, the delay is not sufficiently excused.

The motion to join Roy Curfman as party will be granted, and the motion for the injunction will be denied.